204 N.J. Super. 312 (1985)
498 A.2d 1260
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
WILLIAM WHIDBY, JR., DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted March 26, 1985.
Decided April 3, 1985.
Before Judges COLEMAN and SIMPSON.
Frank J. Hoerst, Salem County Prosecutor, attorney for appellant (Francis A. Paladino, First Assistant Prosecutor, of counsel and on the letter brief).
Benjamin A. Silber, attorney for respondent.
COLEMAN, J.A.D.
Defendant was found guilty by a jury of committing a second degree robbery, contrary to N.J.S.A. 2C:15-1. He was sentenced to three years of probation. As a condition of probation, *313 defendant was required to "serve 364 days in the Salem County Jail, which jail term shall be served without early parole release." Defendant was also ordered to perform 350 hours of community services upon his release from jail. The judge further provided that the sentence would not become final for 10 days to allow the State an opportunity to appeal. The State has filed this appeal pursuant to N.J.S.A. 2C:44-1f(2) and State v. Watson, 183 N.J. Super. 481 (App.Div. 1982). The State essentially contends that the sentence is not in conformity with the New Jersey Code of Criminal Justice. We agree with that contention.
This second degree robbery occurred on July 16, 1983. N.J.S.A. 2C:44-1d creates a presumption of incarceration for second degree offenses occurring after September 21, 1981. See L. 1981, c. 290, § 40; State v. Hodge, 95 N.J. 369, 374 (1984); State v. Morgan, 196 N.J. Super. 1, 4 (App.Div. 1984), cert. den. 99 N.J. 175 (1984). After the judge considered the aggravating and mitigating factors, he was persuaded that defendant should be incarcerated; the only question was where should he be incarcerated. In that connection, the judge observed:
I agree that there is a need for deterring this defendant and others from purse snatchings. I agree that a purse snatching has to be dealt with strongly. And I feel that the sentence I have imposed might be a stronger sentence and still fairer to this defendant than would a sentence to a state institution. I say is stronger, because had I sentenced him to five years and been within the presumptive term of a second  not presumptive, then within the limits of a second degree offense, he would only service 11 months and 12 days, pursuant to the parole eligibility table, before he became eligible for parole. If I sentence him to a presumptive term, the earliest eligibility would be one year, three months and 25 days, and the latest would be one year, 10 months and eight days.
The judge did not recognize, however, that in a second degree offense in which the judge has decided to incarcerate (for failure to rebut the presumption within the meaning of N.J.S.A. 2C:44-1d,) the judge must sentence that defendant in accordance with the sentencing range for a second degree offense. Once the judge makes the in/out decision, which is the same as the decision to incarcerate here, he must then decide on the range of sentence. Where, as here, the judge elects not to *314 sentence to one degree lower, he must then proceed to consider the aggravating and mitigating factors in order to determine the appropriate range of sentence for a second degree offense. Here, the range of sentence would have to be either the presumptive sentence of seven years as established by N.J.S.A. 2C:44-1f, a sentence above the presumptive sentence not to exceed 10 years or a sentence below the presumptive sentence but not less than five years. See N.J.S.A. 2C:43-6a(2). In determining whether to go above or below the presumptive sentence the judge must engage in the process of weighing and evaluating the aggravating and mitigating factors. Also, the judge must consider parole release when determining the appropriate sentence. State v. Heisler, 192 N.J. Super. 586 (App.Div. 1984).
Consequently, we hold that a split sentence pursuant to N.J.S.A. 2C:43-2b(2) for a second degree robbery which carries a presumption of incarceration is illegal where the judge decides imprisonment is necessary. The sentence is vacated and the matter is remanded to the Law Division for resentencing. We do not retain jurisdiction.