211 N.J. Super. 276 (1986)
511 A.2d 733
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
THOMAS KREIDLER, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued March 5, 1986.
Decided June 25, 1986.
*277 Before Judges FRITZ, BRODY and BAIME.
Marijean Raffetto Stevens, Deputy Attorney General, argued the cause for appellant (W. Cary Edwards, Attorney General of New Jersey, attorney; Marijean Raffetto Stevens, of counsel and on the letter brief).
Edward P. Hannigan, Assistant Deputy Public Defender, argued the cause for respondent (Thomas S. Smith, Jr., Acting Public Defender, attorney; Edward P. Hannigan, of counsel and on the letter brief).
The opinion of the court was delivered by BRODY, J.A.D.
Pursuant to N.J.S.A. 2C:44-1(f)(2), the State appeals a probationary sentence imposed after defendant was convicted by his negotiated plea of a second-degree crime. The judge attached a 90-day county jail term to be served as a condition of a five-year term of probation. We agree with the State's contention that the jail term does not satisfy the statutory presumption of imprisonment for a second-degree crime "unless, having regard to the character and condition of the defendant, [the court] is of the opinion that his imprisonment would be a serious injustice which overrides the need to deter such conduct by others." N.J.S.A. 2C:44-1(d). We therefore vacate the sentence and remand for further proceedings.
In accordance with a plea agreement, defendant pled guilty to a sexual assault upon his two-year-old cousin. He admitted that he had the girl touch his penis for his sexual gratification. Defendant was 27 years old at the time of the offense. Defendant's conduct is a second-degree crime because of the victim's youth and the disparity in their ages. N.J.S.A. 2C:14-2(b). The agreement further provided that the State would recommend, pursuant to N.J.S.A. 2C:44-1(f)(2), that defendant be sentenced "to a term appropriate to a crime of one degree lower than that of the crime for which he was convicted," and that defendant's *278 "maximum exposure" be five years "jail time" with no parole disqualifier. The agreement made no reference to the presumption of imprisonment, which applies because of defendant's conviction of a second-degree crime even though the State agreed that he should be sentenced to a term appropriate to only a third-degree crime. See State v. Rodriguez, 179 N.J. Super. 129, 134-135 (App.Div. 1981).
The trial judge sentenced in accordance with the agreement. He found that while defendant did not qualify for relief from the presumption of imprisonment, the presumption was satisfied by imposition of the 90-day jail term to be served as a condition of probation. The correctness of that ruling is the sole issue raised on this appeal. The State contends that the presumption may only be satisfied by a term of imprisonment within the range of three to five years, with a presumption of four years, as provided in the Code for a third-degree crime. N.J.S.A. 2C:43-6(a)(3); N.J.S.A. 2C:44-1(f)(1). The trial judge's view prevailed in State v. Jones, 197 N.J. Super. 604, 608-609 (App.Div. 1984). On the other hand, the State's view prevailed in State v. Whidby, 204 N.J. Super. 312 (App.Div. 1985).
The difficulty is caused by the Code's use of the word "imprisonment" when defining the two forms of custodial sentence authorized by N.J.S.A. 2C:43-2(b)(2) and (3). A court may sentence a defendant under those sections
(2) To be placed on probation and, in the case of a person convicted of a crime, to imprisonment for a term fixed by the court not exceeding 364 days to be served as a condition of probation, or in the case of a person convicted of a disorderly persons offense, to imprisonment for a term fixed by the court not exceeding 90 days to be served as a condition of probation; or
(3) To imprisonment for a term authorized by sections 2C:11-3, 2C:43-5, 6, 7 and 8 or 2C:44-5;
In the case of a straight sentence of imprisonment, the term must lie within statutory sentencing ranges and is subject to statutory guidelines appropriate to the offense and the offender. In the case of a so-called split sentence, however, the term of imprisonment to be served as a condition of probation may *279 be no more than 364 days subject to the sound discretion of the sentencing judge.
The presumption of "imprisonment" applies to defendants who have been convicted of crimes of the first or second degree. N.J.S.A. 2C:44-1(d). Those crimes carry an ordinary sentencing range of 10 to 20 years for a first-degree crime and 5 to 10 years for a second-degree crime.[1]N.J.S.A. 2C:43-6(a)(1) and (2). It is unlikely that the Legislature created a presumption of imprisonment for the most serious crimes in the Code, that can be satisfied by only a day of "imprisonment." We therefore hold that the N.J.S.A. 2C:44-1(d) presumption of imprisonment for persons convicted of first and second-degree crimes refers to straight sentences of imprisonment authorized by N.J.S.A. 2C:43-2(b)(3) and not to split sentences of imprisonment to be served as a condition of probation authorized by N.J.S.A. 2C:43-2(b)(2).
It has been held that a sentence of imprisonment to be served as a condition of probation violates the N.J.S.A. 2C:44-1(e) presumption against "imprisonment" accorded a person convicted of an offense other than a crime of the first or second degree, who has not been previously convicted of an offense. State v. Hess, 198 N.J. Super. 322, 328 (App.Div. 1984); contra State v. Hartye, 208 N.J. Super. 319, 325-327 (App.Div. 1986), certif. granted, ___ N.J. ___ (1986). We need not consider the point. We note, however, that the presumption of imprisonment is primarily derived from the seriousness of the crime whereas the presumption against imprisonment is derived from both the less serious nature of the crime and the fact that the offender "has not previously been convicted of an offense...." N.J.S.A. 2C:44-1(e). It is therefore consistent for the Legislature to have intended that an offender who qualifies for the presumption of imprisonment must receive a term of imprisonment within the *280 statutory sentencing ranges and subject to the guidelines developed for the particular offense and offender, whereas an offender who qualifies for the presumption against imprisonment is entitled to be free of any imprisonment.
The sentence is vacated and the matter remanded for further proceedings consistent herewith.
NOTES
[1] The sentencing range here was reduced to three to five years because defendant was to be sentenced to a term appropriate to a third-degree crime. See N.J.S.A. 2C:43-6(a)(3).