793 A.2d 882 (2002)
349 N.J. Super. 496
STATE of New Jersey, Plaintiff-Respondent,
v.
Cheryl BRIGGS, Defendant-Appellant.
Superior Court of New Jersey, Appellate Division.
Submitted March 4, 2002.
Decided April 3, 2002.
*883 Peter A. Garcia, Acting Public Defender of New Jersey, for appellant (Marcia Blum, Assistant Deputy Public Defender, of counsel and on the brief).
Glenn Berman, Middlesex County Prosecutor, for respondent (Simon Louis Rosenbach, Assistant Prosecutor, of counsel and on the brief).
Before Judges HAVEY, BRAITHWAITE and COBURN.
The opinion of the court was delivered by HAVEY, P.J.A.D.
Defendant entered a guilty plea to aggravated manslaughter, N.J.S.A. 2C:11-4c, pursuant to a negotiated plea agreement which called for a twenty-year custodial term, with an eighty-five percent period of parole ineligibility under the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2a. The plea form signed by defendant provided that "defense counsel agrees not to request a sentence of less than twenty years." The trial court imposed a custodial term of eighteen years and found that NERA applied. We hold that the restriction in the plea form deprived defendant of effective assistance of counsel during a critical stage of the criminal proceeding. We therefore reverse and remand for resentencing.
The record presented to us reveals that defendant and her ex-husband, Gary Robinson, had an argument in the couple's bedroom after having been out together on New Year's Eve. Both had been drinking all night and were intoxicated. During the argument, there was some pushing and shoving, and Robinson stated that he was leaving. Defendant then left the bedroom, retrieved a knife from the kitchen, and stabbed Robinson once in the chest, piercing his heart.
Defendant immediately called 911, and after the police arrived, she was arrested. Robinson died shortly after arriving at the hospital. In her statement to the police, taken several hours after her arrest, defendant stated:
I was just trying to threaten him, you know.... Then I went into the room... and I stabbed him, I didn't know I stabbed him.... [Robinson then] said baby you stabbed me, and then I called 911, and I didn't mean to stab him.... I can't believe I did it.
Defendant was examined on behalf of the defense by Dawn M. Hughes, Ph.D., Daniel Greenwald, M.D., and a probation officer. All three agreed that defendant never intended to kill Robinson, that she has been abused since early childhood, and that for the past twenty-years she was the victim of Robinson's physical and mental abuse. The doctors' evaluations detail the defendant's emotional state and mental health background, and both give a complete *884 description of the defendant's family background, her attempted suicides, early sexual abuse by a step-brother, and her stormy relationship with Robinson. Both doctors' agree that defendant is an alcoholic who suffers from several significant mental illnesses.
Under Middlesex County Indictment No. 99-02-0122-I defendant was charged with purposeful and knowing murder, N.J.S.A. 2C:11-3a(1) and -3a(2), and third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4d. As noted, defendant entered a guilty plea to aggravated manslaughter, N.J.S.A. 2C:11-4c, a lesser-included offense to purposeful murder. The plea also called for the dismissal of the weapons charge, a twentyyear custodial term and application of the eighty-five percent mandatory minimum term under NERA. It is unclear how or why the restriction in the plea form that prohibited defendant from requesting a sentence of less than twenty years was included.
At sentencing, defense counsel acknowledged that she was restricted from arguing for a sentence of any term less than the amount called for under the plea agreement. However, she asked the court to find applicable ten of the twelve mitigating factors under N.J.S.A. 2C:44-1b. In doing so, counsel focused on the psychological and psychiatric reports prepared on behalf of defendant and submitted to the trial court. The reports indicated that defendant did not intend to inflict serious harm upon the victim and that she suffered from post-traumatic stress disorder related to spousal abuse by the victim.
In sentencing defendant to an eighteenyear custodial term with an eighty-five percent period of parole ineligibility under NERA, the trial court found two aggravating factors: (1) the nature and circumstances of the offense, N.J.S.A. 2C:44-1a(1); and (2) the need for deterring defendant and others, N.J.S.A. 2C:44-1a(9). It found four mitigating factors: (1) defendant has no history of prior delinquency or criminal activity, N.J.S.A. 2C:44-1b(7); (2) defendant's conduct was the result of circumstances unlikely to recur, N.J.S.A. 2C:44-1b(8); (3) the character and attitude of the defendant indicate that she is unlikely to commit another offense, N.J.S.A. 2C:44-1b(9); and (4) defendant is particularly likely to respond affirmatively to probationary treatment, N.J.S.A. 2C:44-1b(10).

I
There is no question that "a trial is unfair if the accused is denied counsel at a critical stage of his trial." United States v. Cronic, 466 U.S. 648, 659, 104, S.Ct. 2039, 2047, 80 L.Ed.2d 657, 668 (1984). The assistance of counsel "has been understood to mean that there can be no restrictions upon the function of counsel in defending a criminal prosecution...." Herring v. New York, 422 U.S. 853, 857, 95 S.Ct. 2550, 2553, 45 L.Ed.2d 593, 598 (1975). In Herring, for example, the United States Supreme Court struck down a state law which prohibited defense counsel from summing up in a nonjury trial, reasoning that the statute deprived defendants of effective advocacy. It imposed a per se rule against such a restriction even though some cases "may appear to the trial judge to be simple open and shutat the close of the evidence." Id. at 863, 95 S.Ct. at 2556, 45 L.Ed.2d at 601; see also State v. Fusco, 93 N.J. 578, 586-87, 461 A.2d 1169 (1983) (holding that an order prohibiting a defendant from discussing his testimony with counsel during an overnight recess violated defendant's right to assistance of counsel under the Sixth Amendment and our own constitution, N.J. Const. art. I, § 10);
*885 cf. State v. Warren, 115 N.J. 433, 449, 558 A.2d 1312 (1989) (restrictions imposed by a prosecutor in a plea agreement are "inimical to the important goals of sentencing uniformity").
In our view, the ability of counsel to provide a meaningful argument at sentencing, even in a case that appears "open and shut," is no less important than the opportunity to give a summation in a nonjury case. Sentencing hearings under the Criminal Code "are crucial stages of a trial for which counsel must be available." State v. Giorgianni, 189 N.J.Super. 220, 230, 459 A.2d 1189 (App.Div.), certif. denied, 94 N.J. 569, 468 A.2d 212 (1983). As in any stage of the proceeding, circumstances must not be such that counsel "is prevented from making effective preparations" and a meaningful presentation to the court. Ibid. It is at this point that counsel has the opportunity to make a vigorous argument regarding mitigating and other circumstances, hoping to personalize defendant in order to justify the least severe sentence under the Criminal Code.
Consequently, there can be no doubt that a defense attorney must have an unfettered right to argue in favor of a lesser sentence than that contemplated by the negotiated plea agreement. Sentences imposed upon defendants who have engaged in plea agreements must still comport with the strictures of the Criminal Code and be supported by competent credible evidence. State v. Sainz, 107 N.J. 283, 292, 526 A.2d 1015 (1987); State v. O'Connor, 105 N.J. 399, 405-08, 522 A.2d 423 (1987). Even if the sentence adheres to the negotiated plea and the statutory guidelines, the sentence may still not be sustainable if it is "clearly unreasonable so as to shock the judicial conscience." State v. Roth, 95 N.J. 334, 364-65, 471 A.2d 370 (1984).
We recognize that, despite the fact that the defense counsel was prohibited from "request[ing] a sentence of less than twenty years" during the sentencing proceeding she focused on defendant's tragic life, particularly the psychological and physical abuse suffered by her at the hands of the victim. She also stressed the applicability of ten of the twelve mitigating factors. We also recognize that the trial court in fact imposed a base term of eighteen years, two years less than the term called for under the plea agreement.
However, counsel did not advance any argument that, because of the preponderance of mitigating factors, a sentence substantially lower than the presumptive term of twenty years was merited in this case. See N.J.S.A. 2C:44-1f(1). Such an argument was critical since the eighty-five percent mandatory parole ineligibility period under NERA was applicable. We cannot help but suspect that the restriction imposed upon counsel played a part in her failure to make such an argument.
Moreover, the restriction may well have deterred counsel from arguing that defendant was a candidate for a downgraded sentence under N.J.S.A. 2C:44-1f(2), which permits the court to sentence the defendant to a term appropriate to a crime one degree lower, if it is "clearly convinced that the mitigating factors substantially outweigh the aggravating factors and where the interest of justice demands." We are mindful that "[t]he decision to downgrade a defendant's sentence `in the interest of justice' should be limited to those circumstances in which defendant can provide `compelling' reasons for the downgrade." State v. Megargel, 143 N.J. 484, 501-02, 673 A.2d 259 (1996) (quoting State v. Jones, 197 N.J.Super. 604, 607, 485 A.2d 1063 (App.Div.1984)). We also recognize that, because of the legislative judgment to enhance the penalty for aggravated *886 manslaughter, trial courts "should be cautious" in downgrading sentences for such offenses. State v. Mirakaj, 268 N.J.Super. 48, 50-51, 632 A.2d 850 (App.Div.1993).
Nevertheless, defendant was entitled to an effective and forceful argument to the trial court by her counsel, stressing that the nature of and relevant surrounding circumstances pertaining to the offense and the "facts personal to defendant" justified invocation of the downgrading provision. Megargel, supra, 143 N.J. at 500-01, 673 A.2d 259. In short, we cannot say with confidence that the restriction upon defense counsel did not affect her ability to present a cogent and meaningful argument at sentencing. Nor should we speculate that, had such an argument been advanced, the trial court would nevertheless have rejected it.[1]
Accordingly, we reverse and remand for resentencing.

II
On remand, the trial court should reconsider mitigating factors two, four, five, eleven and twelve under N.J.S.A. 2C:44-1b. During sentencing the court found that mitigating factor two did not apply (defendant did not contemplate that her conduct would cause or threaten serious harm). It then rejected the remaining mitigating factors advanced by defense counsel, stating:
the same factors that would impact on the mitigating circumstance [mitigating factor two] I find would also not support the request for factors three and four.
I did consider those factors, however, in making a determination under another mitigating circumstance.
As to the remaining factors that have been alleged to exist in this case in way of mitigation, again, I am not satisfied from my review of this case that those factors have been established, and therefore, I do not make those findings.
In stating that it had considered "those factors ... in making a determination under another mitigating circumstance," the trial court presumably was referring to the fact that it had found that mitigating factor eight applied, that is, defendant's conduct was a result of circumstances unlikely to recur. In so finding, the court indicated that it had reviewed the psychological reports and had concluded that defendant's history of abuse was "intrinsic to this defendant and to the nature of her relationship with this particular victim, her husband."
We recognize that an appellate court should not second-guess a trial court's findings as to aggravating and mitigating factors if they are supported by sufficient evidence in the record. State v. Kromphold, 162 N.J. 345, 355, 744 A.2d 640 (2000). However, we are not sure whether the trial court, in rejecting the mitigating factors advanced by defense counsel, considered defendant's troubled youth as well as the continuous physical, sexual and psychological abuse committed by the victim upon her as described in the psychiatric reports. Both experts who examined defendant found she suffered from post-traumatic distress disorder, consistent with and related to "severe and chronic" *887 spousal abuse. These reports may be highly relevant in determining whether three mitigating factors apply: (1) defendant did not contemplate that her conduct would cause or threaten serious harm, N.J.S.A. 2C:44-1b(2); (2) there was substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense, N.J.S.A. 2C:44-1b(4); and (3) the victim of defendant's conduct induced or facilitated its commission, N.J.S.A. 2C:44-1b(5). See State v. Nataluk, 316 N.J.Super. 336, 349, 720 A.2d 401 (App.Div.1998) ("It is difficult to understand how defendant's [suffering from mental problems] could not have constituted a mitigating factor."); State v. Colella, 298 N.J.Super. 668, 676, 690 A.2d 156 (App.Div.) (finding mitigating factor four applicable because of defendant's troubled family background), certif. denied, 151 N.J. 73, 697 A.2d 545 (1997).
The trial court should also reconsider whether aggravating factors one and nine apply. N.J.S.A. 2C:44-1a(1) provides that the court shall consider "[t]he nature and circumstances of the offense, and the role of the actor therein, including whether or not it was committed in an especially heinous, cruel, or depraved manner." N.J.S.A. 2C:44-1a(1). In finding that this factor applied, the court simply referred to "the nature and circumstances of the offense, the role of [defendant] was critical, was principal and that factor is given weight." We are not sure whether the court meant that the stabbing was unusually brutal or cruel in nature. See State v. Soto, 340 N.J.Super. 47, 71-72, 773 A.2d 739 (App.Div.) (holding that aggravating factor one applied when a brutal murder occurred over a period of time and involved substantial suffering by the victim), certif. denied, 170 N.J. 209, 785 A.2d 438 (2001). In this case, defendant claimed that she stabbed the victim only once and immediately called 911. If the court meant that the aggravating factor was applicable because a death resulted from defendant's conduct, it erred in applying the factor, since the death of the victim cannot be double counted as an aggravating factor in a manslaughter case. State v. Towey, 244 N.J.Super. 582, 593, 583 A.2d 352 (App.Div.), certif. denied, 122 N.J. 159, 584 A.2d 226 (1990) (both death of victim and the defendant's recklessness are elements of reckless manslaughter and so may not be used as aggravating factors).
The trial court also found, without explanation that the aggravating factor under N.J.S.A. 2C:44-1a(9) was applicable, that is, the need to deter defendant and others. However, as noted, the court found that mitigating factors under N.J.S.A. 2C:44-1b(8), -1b(9) and -1b(10) applied; that is, defendant's conduct was the result of circumstances unlikely to recur; defendant is unlikely to commit another crime, and defendant is particularly likely to respond to probationary treatment. These findings essentially negate the need for specific deterrence under N.J.S.A. 2C:44-1a(9). See State v. Jarbath, 114 N.J. 394, 405, 555 A.2d 559 (1989). The Court in Jarbath also "recognized ... that general deterrence unrelated to specific deterrence has relatively insignificant penal value." Ibid. The court should reconsider whether aggravating factor nine is applicable.
Reversed and remanded for further proceedings.
NOTES
[1] We agree with the Public Defender's thoughtful argument that, on the record, it cannot be concluded that defendant had voluntarily and knowingly waived her right to effective assistance of counsel during the sentencing proceeding. Faretta v. California, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541, 45 L.Ed.2d 562, 581 (1975); State v. Buonadonna, 122 N.J. 22, 35, 583 A.2d 747 (1991); State v. Crisafi, 128 N.J. 499, 510, 608 A.2d 317 (1992).