**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2200-21

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

BERNARD HUGHIE, a/k/a
ISAIAH GIBBONS, and ISSAI
GIBBONS,

    Defendant-Respondent.

_____

Argued September 27, 2023 – Decided November 27, 2023

Before Judges Gooden Brown and Puglisi.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 19-01-0146.

Alecia N. Woodard, Assistant Prosecutor, argued the cause for appellant (Raymond S. Santiago, Monmouth County Prosecutor, attorney; Alecia N. Woodard, of counsel and on the brief).

Zachary G. Markarian, Assistant Deputy Public Defender, argued the cause for respondent (Joseph E.

Krakora, Public Defender, attorney; Elizabeth C. Jarit, Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from the February 23, 2022, Law Division order granting defendant's motion for admission to Recovery Court, notwithstanding the State's legal rejection, and thereafter sentencing defendant to Recovery Court Probation under Track Two for a term of five years by way of a March 23, 2022, judgment of conviction (JOC).[1] The State argues that because defendant was facing discretionary extended term sentencing as a persistent offender under N.J.S.A. 2C:44-3(a), a presumption of imprisonment applied, rendering defendant ineligible for sentencing as a Track Two applicant and resulting in the imposition of an illegal sentence. We hold that defendant's sentence is not illegal and "[b]ecause the State has no authority to appeal from a legal third-degree sentence, we dismiss the appeal." State v. Thomas, 459 N.J. Super. 426, 430 (App. Div. 2019).

---

[1] Effective January 1, 2022, the Drug Court Program was renamed the New Jersey Recovery Court Program to better reflect the primary goal of the program. Admin. Off. of the Cts., Notice: Drug Court Name Change to New Jersey Recovery Court (December 28, 2021). For clarity, throughout this opinion, we refer only to Recovery Court despite various references to Drug Court in the record.

2

In January 2019, defendant was indicted on one count of third-degree theft by deception, N.J.S.A. 2C:20-4, and convicted following a jury trial. The conviction stemmed from evidence that in July 2018, defendant duped a vulnerable resident of a residential healthcare facility into giving him rent totaling $5,380 withdrawn from the resident's bank account. Prior to sentencing, the State filed a motion for an extended term, asserting that defendant qualified as a persistent offender pursuant to N.J.S.A. 2C:44-3(a). While the State's motion was pending, defendant submitted an application to Recovery Court, which the State opposed on the ground that it was seeking an extended term sentence that would render defendant ineligible under Track Two and defendant was not legally eligible as a Track One applicant.

In an order entered on March 26, 2021, the trial judge granted the State's motion. In an oral opinion, the judge found that defendant qualified as a persistent offender under N.J.S.A. 2C:44-3(a) based on his "criminal history dating back to 1996." Specifically, the judge stated:

> [Defendant's] list of convictions are as follows. On January [10], 1996, defendant pled guilty to the second[-]degree crime of aggravated assault and was ultimately sentenced on a violation of probation to seven years New Jersey State Prison on February [27], 1998[,] to run concurrent to his Passaic County robbery conviction.

On December [8], 1997[,] in Passaic County, defendant pled guilty to the second[-]degree crime of robbery and was subsequently sentenced to seven years in New Jersey State Prison on February [13], 1998. Again, these matters ran concurrent to each other.

On March [28], 2005, defendant pled guilty to [thirteen] counts of the . . . crime of burglary, third[-]degree offenses, and one count of third[-]degree criminal attempted burglary. On July [8], 2005, defendant was sentenced to a five-year term of incarceration with an [eighteen]-month period of parole ineligibility.

On August [27], 2012, defendant pled guilty to a third[-]degree crime of burglary and a third[-]degree crime of receiving stolen property and was subsequently sentenced to three years in prison on . . . those two offenses. He had two different . . . crime dates, but sentenced on the same day to three years in state prison on October [19], 2012.

At the time of the commission of . . . this crime, defendant was [twenty-one] years of age or older, had been previously convicted on at least two separate occasions of two crimes, committed at different times when he was at least [eighteen] years of age. . . .[2]

Further, because of the date of defendant's last release from confinement, it's within ten years of the date of the crime for which defendant is being sentenced. All of the requirements of [N.J.S.A. 2C:44-3(a)] have been met.

---

[2] Defendant was then fifty-five years old.

Although the judge granted the State's motion, he made no determination on whether defendant would be sentenced in the extended term range because defendant's Recovery Court appeal was still pending. In fact, the judge noted he could grant the State's motion for extended term sentencing "and then not apply it" depending on the court's evaluation of the aggravating and mitigating factors. The judge stressed the determination that defendant "[met] the statutory requirements" did not mean that defendant had to be sentenced in the extended term range. "It also [did] not mean that . . . defendant would not get [into Recovery Court]."

On February 23, 2022, the Recovery Court judge granted defendant's motion to be admitted to Recovery Court notwithstanding the State's legal rejection. See State v. Figaro, 462 N.J. Super. 564, 577 (App. Div. 2020) ("A drug court prosecutor can recommend a legal rejection based on N.J.S.A. 2C:35-14 and whether the applicant is a potential danger to the community." (emphasis omitted) (quoting Admin. Off. of the Cts., Admin. Directive #2-02, Manual for Operation of Adult Drug Courts in New Jersey (July 22, 2002))). On March 17, 2022, over the State's objection, the judge sentenced defendant to Recovery Court Probation under Track Two for five years. The judge found aggravating factors three, six, and nine based on defendant's high risk of re-offense,

extensive prior criminal record, and need for deterrence, and mitigating factor ten based on defendant's likelihood to respond affirmatively to probationary treatment. See N.J.S.A. 2C:44-1(a)(3), (6), (9), (b)(10). A conforming JOC was entered on March 23, 2022, and this appeal followed.

On appeal, the State raises the following single point for our consideration:

> THE TRIAL COURT WAS IN ERROR IN FINDING THAT DEFENDANT IS A TRACK TWO DRUG APPLICANT.

"Because the appealability of a sentence is a question of law, our review is de novo." State v. Hyland, 238 N.J. 135, 143 (2019) (citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). It is well settled that "the State's right to appeal in a criminal proceeding is limited." Ibid.; see R. 2:3-1(b) (delineating six circumstances in which the State may lodge an appeal). "In the context of sentencing," the State "may appeal where there is 'express statutory authority' to do so," Hyland, 238 N.J. at 143 (quoting State v. Roth, 95 N.J. 334, 343 (1984)), or "if the sentence imposed is illegal," ibid. (citing State v. Ciancaglini, 204 N.J. 597, 605 (2011)); see also R. 3:21-10(b)(5) ("A motion may be filed and an order may be entered at any time . . . correcting a sentence not authorized by law including the Code of Criminal Justice.").

6

The issue here is whether the sentence imposed is illegal, thereby allowing the State's appeal.

> There are two categories of illegal sentences: those that exceed the penalties authorized for a particular offense, and those that are not authorized by law. State v. Schubert, 212 N.J. 295, 308 (2012). Those two categories of illegal sentences have been "defined narrowly." State v. Murray, 162 N.J. 240, 246 (2000). For example, while a sentence may be illegal if "it fails to satisfy required presentencing conditions," id. at 247, it is not illegal if the sentencing judge fails to state the reasons for imposition of a sentence on the record as is required by case law, but otherwise imposes an authorized sentence, [State v. Acevedo, 205 N.J. 40, 47 (2011)]. In other words, even sentences that disregard controlling case law or rest on an abuse of discretion by the sentencing court are legal so long as they impose penalties authorized by statute for a particular offense and include a disposition that is authorized by law.
>
> [Hyland, 238 N.J. at 145-146.]

The sentence at issue falls under the purview of Recovery Court. By way of background, "there are two separate and distinct 'tracks' for admission to [Recovery] Court." State v. Harris, 466 N.J. Super. 502, 523 (2021) (quoting Figaro, 462 N.J. Super. at 566). "Track One is available to those eligible for special probation pursuant to N.J.S.A. 2C:35-14(a), and who otherwise satisfy the statutory criteria." Figaro, 462 N.J. Super. at 566. To satisfy the statutory criteria, offenders must be "ineligible for probation due to a conviction for a

crime which is subject to a presumption of incarceration or a mandatory minimum period of parole ineligibility" and cannot have been previously convicted of certain disqualifying offenses. Id. at 572 (quoting N.J.S.A. 2C:35-14(a)).

"Track Two 'permits applicants to be admitted into [Recovery] Court "under the general sentencing provisions of the Code of Criminal Justice."'" Id. at 566 (quoting State v. Clarke, 203 N.J. 166, 175 (2010)). Specifically, those defendants may be admitted "pursuant to the statutory authority of the court to impose a probationary sentence under N.J.S.A. 2C:45-1." Harris, 466 N.J. Super. at 525. "N.J.S.A. 2C:45-1 is sometimes referred to as 'regular' probation as distinct from 'special probation' authorized by N.J.S.A. 2C:35-14." Ibid. "Eligibility for entry into [Recovery] Court via Track Two thus does not hinge on satisfying the nine specified prerequisites for special probation enumerated in N.J.S.A. 2C:35-14." Ibid.

Defendant is ineligible for Recovery Court under Track One, having been previously convicted of a disqualifying crime—second-degree aggravated assault. See N.J.S.A. 2C:35-14(a)(7) (making ineligible for Recovery Court an offender "previously convicted . . . for . . . murder, aggravated manslaughter, manslaughter, kidnapping, aggravated assault, aggravated sexual assault or

sexual assault").  The State asserts defendant is also ineligible for sentencing under Track Two and that his sentence is thereby illegal because defendant "was facing a presumption of imprisonment as a result of an extended term" and was therefore not eligible for regular probation under N.J.S.A. 2C:45-1.  However, a person's mere eligibility for a discretionary extended term sentence on a third-degree offense does not trigger the presumption of imprisonment to render an offender ineligible for regular probation under Track Two.

So long as the Code authorizes the imposition of a probationary sentence, a judge may sentence an offender to Recovery Court under Track Two pursuant to N.J.S.A. 2C:45-1.  State v. Meyer, 192 N.J. 421, 433 (2007).

> The [Penal Code] gives a court various options in sentencing an offender, which include the imposition of a term of imprisonment or probation.  See N.J.S.A. 2C:43-2.  If an offender has been convicted of a first- or second-degree crime, he is subject to a presumption of incarceration, which may only be overcome if the court "is of the opinion that . . . imprisonment would be a serious injustice which overrides the need to deter such conduct by others."  N.J.S.A. [2C:44-1(d)].  Conversely, if a first-time offender is convicted of a crime other than one of the first or second degree, he is subject to a presumption of non-incarceration.  N.J.S.A. [2C:44-1(e)].  If, as in this case, a defendant is convicted of third- and fourth-degree crimes, but has a prior record, he is not subject to either presumption.  See State v. Pineda, 119 N.J. 621, 622-23 (1990).  When that occurs, the sentencing court "must weigh the aggravating and mitigating factors" enumerated in

> N.J.S.A. [2C:44-1(a) and (b)] "to determine whether a probationary or custodial sentence is appropriate." State v. Baylass, 114 N.J. 169, 173 (1989).
>
> [Meyer, 192 N.J. at 433 n.5.]

"A defendant is not subject to the presumption of imprisonment because he or she was previously convicted of a first or second-degree crime." Harris, 466 N.J. Super. at 534-35 (emphasis omitted). "[T]he Legislature knew how to use prior convictions as a trigger for the presumption but did so only with respect to repeat automobile theft offenders." Id. at 535.

> We recognize that as a practical matter, a defendant's prior convictions or past incarceration in state prison may make it unlikely that a court in the exercise of its discretion would sentence him to probation after applying the pertinent aggravating and mitigating factors . . . . We emphasize, however, that it would put the cart before the horse to suggest that the practical likelihood of a prison sentence triggers the presumption of imprisonment defined in N.J.S.A. 2C:44-1(d) and incorporated by reference in N.J.S.A. 2C:35-14(a).
>
> [Id. at 535-536.]

N.J.S.A. 2C:44-1(d) applies the presumption of incarceration based upon the degree of the crime for which the defendant stands convicted. Indeed, "[t]he plain language" of the provision indicates that the presumption "is to be determined not by the sentence imposed but by the offense for which a defendant is convicted." State v. O'Connor, 105 N.J. 399, 404-05 (1987); see State v.

10

<u>Evers</u>, 175 N.J. 355, 388 (2003) (quoting <u>O'Connor</u>, 105 N.J. at 404-05). That said, contrary to the State's contention, the mere prospect of a discretionary extended term sentence based on the offender's eligibility does not trigger the presumption of imprisonment. No provision in the Code dictates such a result. Instead, it is the degree of the underlying offense, rather than the alteration to the sentencing range, that controls whether the presumption of imprisonment attaches.

In fact,

> the range of sentences, available for imposition, starts at the minimum of the ordinary-term range and ends at the maximum of the extended-term range. By recognizing that the top of the extended-term range is the "top" applicable to a persistent offender, we do not make mandatory a defendant's sentencing within the enhanced range. Rather, we merely acknowledge that the permissible range has expanded so that it reaches from the bottom of the original-term range to the top of the extended-term range. Where, within that range of sentences, the court chooses to sentence a defendant remains in the sound judgment of the court—subject to reasonableness and the existence of credible evidence in the record to support the court's finding of aggravating and mitigating factors and the court's weighing and balancing of those factors found.
>
> [<u>State v. Pierce</u>, 188 N.J. 155, 169 (2006).]

It is undisputed that defendant was convicted of a third-degree offense and his eligibility for extended term sentencing does not alter that fact. It merely

signifies that his permissible sentencing range is from three to ten years' imprisonment.  See N.J.S.A. 2C:43-6(a)(3), -7(a)(4).  Although his prior criminal record makes him ineligible for the presumption of non-incarceration, it does not make him subject to the presumption of incarceration.  Instead, he is subject to neither presumption.  Nonetheless, subject to the weighing of the aggravating and mitigating factors, the Code authorizes the imposition of a probationary sentence on a third-degree conviction, as occurred here.  See N.J.S.A. 2C:45-1, :43-2(b)(2).  "In general terms, a regular probationary sentence is typically imposed for third- or fourth-degree offenses, which do not contain a specific provision requiring a state prison sentence."  State v. Maurer, 438 N.J. Super. 402, 411 (App. Div. 2014).  Defendant's enhanced sentencing range permitted a state prison sentence, it did not require it.  Because the sentence to Recovery Court Probation under Track Two is an authorized disposition under the Code, it is not an illegal sentence.  Thus, "we have no jurisdiction to consider the State's appeal of defendant's . . . [Recovery] Court sentence."  Hyland, 238 N.J. at 148.

The appeal is dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

12

A-2200-21