**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0504-17T2

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAHEEM J. JACOBS,

    Defendant-Appellant.

_____

Submitted September 17, 2018 – Decided  October 25, 2018

Before Judges Sumners and Mitterhoff.

On appeal from Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 15-04-0333.

Joseph E. Krakora, Public Defender, attorney for appellant (Janet A. Allegro, Designated Counsel, on the brief.)

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Raheem Jacobs appeals the trial court's order denying his petition for post-conviction relief ("PCR") without an evidentiary hearing. We affirm, substantially for the sound reasons set forth in Judge Jean S. Chetney's August 21, 2017 oral opinion.

We summarize the pertinent facts from the record on appeal. On January 12, 2014, at approximately 1:34 a.m., a state trooper pulled over defendant for failing to stop at a stop sign.[1] After the state trooper approached the vehicle, he observed through the side window the butt of a firearm protruding from underneath the back of the driver's seat. The state trooper asked defendant to exit the vehicle. The state trooper then retrieved the firearm, which was a Cal-Tech .40 caliber sub-machine gun. The state trooper impounded the vehicle and obtained a search warrant. Pursuant to the warrant, the state trooper searched the vehicle and recovered some large-capacity magazines, hollow-point ammunition, and a revolver from inside a black bag that was beneath the driver's seat. The police tested both the recovered firearms and found them to be operable.

---

[1] The state trooper also testified that he had been following the vehicle because a computer search of the license plate indicated that the driver's license of the registered owner was suspended. Defendant's driver's license was not suspended at the time of the stop.

A Cumberland County grand jury charged defendant in a seven-count indictment, including various charges for unlawful possession of weapons. On March 4, 2016, defendant appeared before Judge Cristen P. D'Arrigo for a Franks[2] motion. At this hearing, the responding state trooper testified, and a portion of the motor vehicle recording ("MVR") of the stop was played for the court. The court denied the Franks motion.

Subsequently, on March 28, 2016, defendant pled guilty to count five of the indictment, second-degree unlawful possession of the revolver recovered from inside the black bag. On May 6, 2016, the court sentenced defendant to an extended term of eleven years in New Jersey State prison with a five-and-a-half year term of parole ineligibility, pursuant to the plea agreement. At the sentencing hearing, defense counsel made no arguments on behalf of defendant, declining to raise any mitigating factors or to argue for a lesser sentence than the sentence negotiated in the plea agreement.

Defendant did not appeal the trial court's denial of the Franks motion, his conviction, or his sentence. Instead, defendant filed a PCR petition alleging

---

[2] Franks v. Delaware, 438 U.S. 154 (1978). "The primary purpose of the hearing [is] to determine whether the police made material misrepresentations and/or omissions in seeking . . . warrants from a Superior Court judge and, if so, whether the evidence gathered from those defective warrants needed to be suppressed." State v. Smith, 212 N.J. 365, 413 (2012).

A-0504-17T2

ineffective assistance of his former counsel.  After considering the arguments without an evidentiary hearing, Judge Chetney issued an oral opinion rejecting defendant's claims on August 21, 2017.  Defendant appealed the denial of PCR.

On appeal, defendant raises the following contentions:

POINT I

THE COURT ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF WITHOUT AFFORDING HIM AN EVIDENTIARY HEARING TO FULLY ADDRESS HIS CONTENTION THAT HE FAILED TO RECEIVE EFFECTIVE LEGAL REPRESENTATION AT THE PRETRIAL, PLEA AND SENTENCING PROCEEDINGS.

A. THE PREVAILING LEGAL PRINCIPLES REGARDING CLAIMS OF INEFFECTIVE ASSISTANCE OF COUNSEL ARISING OUT OF EVIDENTIARY HEARINGS AND PETITIONS FOR POST-CONVICTION RELIEF.

B. TRIAL COUNSEL'S FAILURE TO AGGRESSIVELY PURSUE DEFENDANT'S INTERESTS DURING PRETRIAL MOTIONS AND PLEA NEGOTIATIONS CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL AND EFFECTIVELY PREVENTED DEFENDANT FROM ENTERING A WILLING, KNOWING GUILTY PLEA.

4

POINT II

TRIAL COUNSEL'S FAILURE TO MAKE ANY ARGUMENTS AT THE SENTENCING HEARING CONSTITUTED INEFFECTIVE ASSISTANCE OF COUNSEL.

Having considered the record in light of the applicable legal principles, we find no merit in defendant's arguments. The PCR judge's opinion is legally sound and well supported by the record. We add only the following brief comments.

In cases where the PCR court does not conduct an evidentiary hearing, we review the PCR judge's determinations de novo. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citation omitted). A PCR petitioner carries the burden to establish the grounds for relief by a preponderance of the credible evidence. State v. Goodwin, 173 N.J. 583, 593 (2002) (citations omitted). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

In his PCR petition and this appeal, defendant primarily contends that his former counsel was constitutionally ineffective. To establish an ineffective-assistance-of-counsel claim, a convicted defendant must demonstrate: (1) counsel's performance was deficient, and (2) the deficient performance actually prejudiced the accused's defense. Strickland v. Washington, 466 U.S. 668, 687

(1984); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

Further, in the context of a PCR petition challenging a guilty plea based on the ineffective assistance of counsel, a defendant must demonstrate a "reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. Nuñez–Valdéz, 200 N.J. 129, 139 (2009) (alteration in original) (quoting State v. DiFrisco, 137 N.J. 434, 457 (1994)). A defendant must also show that "a decision to reject the plea bargain would have been rational under the circumstances." Padilla v. Kentucky, 559 U.S. 356, 372 (2010); see also State v. Maldon, 422 N.J. Super. 475, 486 (App. Div. 2011).

Defendant first argues that his counsel was ineffective in failing to pursue an amnesty defense under the 2013 amnesty act. Defendant avers he told his counsel that he was on the way to turn in the firearms when he was pulled over, but his counsel did not pursue this defense. The 2013 amnesty act, L. 2013, c. 117, "created a path for people to transfer or surrender firearms that they possessed unlawfully, during a fixed period of time, without fear of

A-0504-17T2

prosecution." State v. Harper, 229 N.J. 228, 236 (2017). The provision provided two ways for an individual to surrender a handgun, rifle, or shotgun: "(1) transfer the assault firearm to any person lawfully entitled to own or possess such firearm; or (2) voluntarily surrender the assault firearm pursuant to the provisions of N.J.S.A. 2C:39-12." L. 2013, c. 117, § 1.[3] A person seeking to voluntarily surrender a weapon to the police must "gi[ve] written notice of his intention to do so, including the proposed date and time of surrender." N.J.S.A 2C:39–12. Such notice must be received "before any charges have been made or complaints filed against such person for the unlawful possession of the weapon, device, instrument or substance in question and before any investigation has been commenced by any law enforcement agency concerning the unlawful possession." Ibid.

In this case, the PCR judge correctly found that defendant did not satisfy the elements of an amnesty defense. Defendant presents no evidence that he transferred the firearms to someone who could lawfully possess them or gave advance notice of a surrender to the police. We agree with the PCR judge that

---

[3] The act contained a similar provision for assault firearms and added a third way to comply: a person could transfer or surrender the assault firearm, or "render the assault firearm inoperable." L. 2013, c. 117, § 2. In this case, it is undisputed that the two weapons recovered by the police were operable.

A-0504-17T2

defendant's counsel was not ineffective for declining to raise this unmeritorious defense.

We also agree with the PCR judge that defendant's counsel was not ineffective in failing to ensure that the judge at the <u>Franks</u> hearing viewed the relevant portions of the MVR. We have reviewed the MVR, and agree with the PCR court that the MVR does not foreclose the possibility that the state trooper observed the butt of the firearm in plain view. Because the MVR does not contradict the affidavit and testimony of the state trooper, counsel was not ineffective in making arguments regarding the contents of the MVR at the <u>Franks</u> hearing.

Finally, we reject defendant's argument that his counsel was ineffective in failing to argue for a lesser sentence. To be sure, "a defense attorney must have an unfettered right to argue in favor of a lesser sentence than that contemplated by the negotiated plea agreement." <u>State v. Briggs</u>, 349 N.J. Super. 496, 501 (App. Div. 2002). But "the court's decision to impose a sentence in accordance with the plea agreement should be given great respect, since a 'presumption of reasonableness . . . attaches to criminal sentences imposed on plea bargain defendants.'" <u>State v. S.C.</u>, 289 N.J. Super. 61, 71 (App. Div. 1996) (quoting <u>State v. Sainz</u>, 107 N.J. 283, 294 (1987)). In this case, defendant was subject to

an extended term based on a previous conviction for unlawful possession of a weapon and faced a minimum of ten years' incarceration. N.J.S.A. 2C:43-7(a)(3). Having considered the record, we find no evidence that the sentence called for by the plea agreement was unreasonable and conclude that defendant's counsel was not ineffective in failing to argue for a lesser sentence.

In this case, the PCR judge did not misapply her discretion in denying an evidentiary hearing, as defendant failed to establish a prima facie basis for relief. State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."). The remaining issues raised by defendant lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0504-17T2