**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2840-18T1

STATE OF NEW JERSEY,

    Plaintiff-Appellant,

v.

JORDAN X. SMITH,

    Defendant-Respondent.

_____

Submitted August 4, 2020 – Decided August 17, 2020

Before Judges Rothstadt and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 18-01-0069.

Christopher L.C. Kuberiet, Acting Middlesex County Prosecutor, attorney for appellant (Patrick F. Galdieri, II, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

Joseph E. Krakora, Public Defender, attorney for respondent (Alyssa A. Aiello, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

The State appeals from the probationary sentence imposed by the Law Division on second-degree Graves Act charges. For the reasons that follow, we vacate defendant's judgment of conviction and remand.

I.

We derive the following facts from the record. On October 21, 2017, a South Brunswick Township police officer stopped defendant Jordan X. Smith. Defendant was driving his mother, Nicole Andrews's vehicle when he was stopped by a South Brunswick Township police officer for turning without using a turn signal. He was visiting friends near his home. At the scene, defendant advised the officer that he had an outstanding traffic warrant and a suspended license because he failed to pay a traffic ticket for a seatbelt violation.

Andrews arrived on the scene and consented to a search of her vehicle, which uncovered a bag with six prednisone pills in the console. Defendant was then arrested and searched, which yielded a defaced .25-caliber handgun concealed in his pants leg. He did not have a permit to possess or carry a handgun. At the time of his arrest, defendant was a twenty-three-year-old high school graduate, with some community college education, living with family members and working full-time in construction. As a juvenile, defendant successfully completed a diversion program for committing disorderly persons

offenses. As an adult, defendant received a conditional discharge for marijuana possession from a municipal court.

On January 12, 2018, a Middlesex County grand jury charged defendant with: second-degree unlawful possession of a .25-caliber handgun, N.J.S.A. 2C:39-5(b)(1) (count one); fourth-degree possession of a defaced firearm, N.J.S.A. 2C:39-3(d) (count two); fourth-degree unlawful purchase or acquisition of handgun ammunition, N.J.S.A. 2C:58-3.3(b) (count three); and fourth-degree unlawful possession of a prescription drug, prednisone, N.J.S.A. 2C:35-10.5(e)(2) (count four). In addition, defendant was issued four motor vehicle summonses, including driving with a suspended license, N.J.S.A. 39:3-40.

On April 22, 2018, defendant's counsel sent a letter to the Middlesex County prosecutor seeking a Graves Act waiver pursuant to N.J.S.A. 2C:43-6.2. Defendant explained that he lives with his mother and two younger siblings; is a church member; and "has never been afraid of hard work." Letters from family members and friends were submitted to the prosecution attesting to defendant's good character and work ethic. In a June 19, 2018 reply letter, the prosecutor denied defendant's request. On June 24, 2018, defendant filed a motion under

State v. Alvarez[1] appealing the prosecutor's denial of the Graves Act waiver to the assignment judge.

Following oral argument on July 30, 2018, the former assignment judge rendered an oral opinion granting defendant's application for a Graves Act waiver. In reaching his decision, the judge noted discovery was not required, that "there is no violence here" and "no commission of any other crime . . . other than the possessory crime of the gun . . . ." After reviewing the Graves Act waivers extended in the vicinage, the judge concluded the prosecutor's denial of the waiver in this case was "an arbitrary and capricious decision," and that the prosecutor had "invited" defendant to apply for a waiver.

Additionally, the judge stated that "[F]ive years with a three[-]and[-]a[-]half[-]year parole disqualifier is not justice." The judge acknowledged "there is a presumption for incarceration" and unless the presumption is overcome at sentencing, defendant "would have to serve at least one year without parole eligibility." A memorializing order was entered on July 31, 2018.

On August 27, 2018, defendant appeared before a different judge and pled guilty to all four counts of the indictment. In exchange for his guilty plea, the State agreed not to make a specific sentencing recommendation.

---

[1] 246 N.J. Super. 137 (App. Div. 1991).

On December 7, 2018, defendant again appeared before the assignment judge and withdrew his guilty plea. Defendant entered a new guilty plea to the unlawful possession of a .25-caliber handgun and the driving with a suspended license charges. In exchange for his revised guilty plea, the State agreed to recommend that defendant be sentenced to an aggregate three-year term of imprisonment with a one-year period of parole ineligibility, along with dismissal of the other charges.

On the sentencing date, after hearing from defendant, his counsel, great aunt, and the State, the former assignment judge made findings regarding the applicable aggravating and mitigating factors under N.J.S.A. 2C:44-1(a) and N.J.S.A. 2C:44-1(b). The judge found one aggravating factor nine (the need to deter defendant and others from violating the law), which he gave weight to. However, the judge rejected the State's argument that aggravating factor three (the risk defendant will commit another offense) applied. The State argued defendant's juvenile complaint, which was diverted, and his adult charge for possession of under fifty grams of marijuana, which resulted in a conditional discharge, supported aggravating factor number three.

The judge found mitigating factors one (defendant's conduct neither caused nor threatened serious harm); two (defendant did not contemplate that

his conduct would cause or threaten serious harm); seven (defendant has no history of prior delinquency or criminal activity or has led a law-abiding life for a substantial period of time before the commission of the present offense); eight (defendant's conduct was the result of circumstances unlikely to recur); nine (the character and attitude of defendant indicate he is unlikely to commit another offense); and ten (defendant is particularly likely to respond affirmatively to probationary treatment), which the judge afforded substantial weight. Furthermore, the judge stated defendant did not possess the handgun with the intent to "go out there and commit crimes" and he did not cause or threaten any harm.

After weighing the factors, the letters written on behalf of defendant, his therapist's report, and the character of defendant, the judge held "this is a mere possessory offense," and defendant carried the gun "for self-protection because he worked in New York City and was concerned." The judge concluded it would be an injustice for defendant to receive a prison term. Consequently, the judge sentenced defendant to an aggregate five-year probationary term for a "regulatory offense." All remaining charges were dismissed, and appropriate fines were imposed.

A-2840-18T1

On appeal, the State raises a single point for our consideration:

POINT ONE

[THE JUDGE] ERRED IN SENTENCING DEFENDANT TO NON-CUSTODIAL PROBATION BECAUSE THIS WAS NOT THE EXCEPTIONAL CASE WHERE A PRISON SENTENCE WOULD BE A SERIOUS INJUSTICE THAT OVERRIDES THE NEED TO DETER.

Having reviewed the record in light of governing principles, we conclude that the judge did not provide any explanation under N.J.S.A. 2C:44-1(d) addressing the "serious injustice" exception to the presumption of imprisonment for this second-degree crime or make required findings under Rule 1:7-4. Accordingly, we vacate the sentence and remand for resentencing before the current assignment judge.

## II.

Because the issue raised on appeal implicates the legality of the sentence imposed, our review of the judge's decision is de novo. See State v. Nance, 228 N.J. 378, 393 (2017). We therefore "afford[] no special deference to the [judge's] interpretation of the relevant statutes." Ibid.; see also State v. Grate, 220 N.J. 317, 329 (2015).

The State argues the judge erred by imposing a non-custodial probationary sentence "in derogation of the exacting standards" for presumption of

incarceration for a second-degree crime under N.J.S.A. 2C:44-1(d). Because the "serious injustice" exception to the presumption of imprisonment has not been demonstrated here, the State contends a reversal and remand for resentencing is warranted.

"Enacted in 1981 as 'a direct response to a substantial increase in violent crime in New Jersey,' the Graves Act is intended 'to ensure incarceration for those who arm themselves before going forth to commit crimes.'" Nance, 228 N.J. at 390 (quoting State v. Des Marets, 92 N.J. 62, 68 (1983)).

> As amended, the statute applies to a defendant who is convicted of one of the offenses enumerated in the statute "who, while in the course of committing or attempting to commit the crime, including the immediate flight therefrom, used or was in possession of a firearm as defined in [N.J.S.A.] 2C:39-1(f)."
>
> [Ibid. (alteration in original) (quoting Des Marets, 92 N.J. at 64 n.1).]

The Graves Act requires the imposition of a minimum term "fixed at one-half of the sentence imposed by the court or [forty-two] months, whichever is greater, or [eighteen] months in the case of a fourth[-]degree crime, during which the defendant shall be ineligible for parole." N.J.S.A. 2C:43-6(c). "To mitigate the undue severity that might accompany the otherwise automatic application of the mandatory minimum sentence under the Graves Act," N.J.S.A.

2C:43-6.2 (Section 6.2) provides "a limited exception that allows certain first-time offenders to receive a reduced penalty if the imposition of a mandatory term would not serve the interests of justice." State v. Benjamin, 228 N.J. 358, 368 (2017).

Pursuant to Section 6.2,

> On a motion by the prosecutor made to the assignment judge that the imposition of a mandatory minimum term of imprisonment under . . . [N.J.S.A. 2C:43-6(c)] for a defendant who has not previously been convicted of an offense under that subsection . . . does not serve the interests of justice, the assignment judge shall place the defendant on probation pursuant to [N.J.S.A. 2C:43-2(b)(2)] or reduce to one year the mandatory minimum term of imprisonment during which the defendant will be ineligible for parole.

[N.J.S.A. 2C:43-6.2.]

In accordance with Alvarez, defendants may "appeal the denial of a waiver to the assignment judge upon a showing of patent and gross abuse of discretion by the prosecutor." Benjamin, 228 N.J. at 364.

To make the showing delineated in Alvarez, "a defendant must, by motion to the assignment judge, demonstrate 'arbitrariness constituting an unconstitutional discrimination or denial of equal protection' in the prosecutor's decision." Benjamin, 228 N.J. at 372 (quoting Alvarez, 246 N.J. Super. at 148). "Once a defendant makes this threshold showing, the defendant can obtain a

hearing to review the prosecutor's decision if the assignment judge concludes that the 'interests of justice' so require."  Id. at 372-73.

In 2008, the New Jersey Attorney General issued a directive to prosecutors "'to ensure statewide uniformity in the exercise of prosecutorial discretion in implementing' the Graves Act."  Id. at 369 (quoting the Attorney General Directive to Ensure Uniform Enforcement of the "Graves Act" (Oct. 23, 2008, as corrected Nov. 25, 2008) (the Directive)).  "The Directive instructs a prosecutor contemplating a waiver to 'consider all relevant circumstances concerning the offense conduct and the offender,' such as applicable aggravating and mitigating factors under N.J.S.A. 2C:44-1 and the likelihood of the defendant's conviction at trial."  Ibid. (quoting the Directive at 12).

Under the Directive, "[t]he prosecuting agency as part of the State's initial plea offer shall agree to move pursuant to [N.J.S.A.] 2C:43-6.2 for a reduction to a one-year term of parole ineligibility," unless (1) the defendant is ineligible for a waiver due to a prior conviction for a Graves Act offense, (2) there is "substantial likelihood that the defendant is involved in organized criminal activity," (3) "the prosecuting agency determines that the aggravating factors applicable to the offense conduct and offender outweigh any applicable mitigating circumstances" or (4) "the prosecuting agency determines that a

sentence reduction to a one-year term of parole ineligibility would undermine the investigation or prosecution of another."  Directive at 7-14.

When considering a defendant's <u>Alvarez</u> motion, the assignment judge may consider, in assessing the prosecutor's conduct, case-specific files in assessing the prosecutor's reasons not to grant a waiver for a particular defendant.  <u>Benjamin</u>, 228 N.J. at 373.  "This judicial backstep ensures that prosecutorial discretion is not unchecked because the assignment judge retains 'ultimate authority' to review the prosecutor's waiver decisions for arbitrariness and discrimination."  <u>Ibid.</u>  Here, the State challenges the judge's finding that this is the exceptional case where imprisonment will not serve any deterrence purpose and imprisonment would constitute a serious injustice.

We conclude from our review that the judge made no findings of fact or conclusions of law when he decided defendant's motion.  A trial court is required "by an opinion or memorandum decision, either written or oral, [to] find the facts and state its conclusions of law thereon . . . on every motion decided by a written order that is appealable as of right."  <u>R.</u> 1:7-4(a).

"Mere invocation of the serious injustice exception will not suffice without a detailed explanation of its application to the facts and circumstances at hand and a reasoned demonstration that this is one of those rare cases in which

the otherwise paramount goals of deterrence have been overridden." State v. Lebra, 357 N.J. Super. 500, 511 (App. Div. 2003). Without that detailed explanation, the exception is not met. Ibid.

We conclude from our review that we are unable to perform our appellate function because the judge failed to make the necessary findings of fact supporting his determination or otherwise sufficiently expressing his reasoning that the serious injustice exception to the presumption of imprisonment applies here. The judge simply concluded this was "a regulatory offense," and a probationary sentence would serve the interests of justice.

Defendant's status as a first-time offender, his full-time employment in construction, and aspirations of becoming a crane operating engineer, while commendable, do not automatically qualify him as "idiosyncratic." The judge failed to make the requisite findings on this important issue. Further, the judge made no detailed findings that defendant showed a serious injustice would occur if he was incarcerated.

Without specific findings made by the judge as noted above, as in Evers, "we cannot agree that the sum of [defendant's] circumstances is so rare and extraordinary that the 'human cost' of defendant's imprisonment exceeds society's imperative need to deter others . . . ." Id. at 401. We are therefore

A-2840-18T1

constrained to vacate the order under review and remand for resentencing before the current assignment judge.

## III.

We reject defendant's argument that the State's appeal is barred by the doctrine of double jeopardy. By operation of law, a court's sentence does not become final for ten days "if the court imposes a non[-]custodial or probationary sentence upon conviction for a crime of the first or second degree" to permit the State to contest the sentence imposed. N.J.S.A. 2C:44-1(f)(2). "[E]xecution of [a] sentence shall be stayed pending appeal by the State pursuant to N.J.S.A. 2C:44-1(f)(2) . . . ." R. 2:9-3(c). A defendant "may elect to execute a sentence stayed by the State's appeal but such election shall constitute a waiver of the right to challenge any sentence on the ground that execution has commenced." R. 2:9-3(c).

"Because defendants are charged with notice of the statute, they have no reasonable expectation that their sentences will be final until either the time for appeal expires without appeal by the State or a timely appeal is resolved." State v. Johnson, 376 N.J. Super. 163, 171-72 (App. Div. 2005); see also Sanders, 107 N.J. 609, 620 (1987). Therefore, any defendants who received a lenient sentence under this Code, cannot "legitimately have expected that their sentences were

A-2840-18T1

final when pronounced." Sanders, 107 N.J. at 620. "The clear and unambiguous terms of the statute remove any expectation of finality that a defendant may vest in his sentence; its stay provisions ensure that he will not begin serving that sentence until the State's notice of appeal is filed." Id. at 621.

Defendant does not contest the above statutory framework, but instead challenges that he was sentenced to a probationary term stemming from the "escape valve" of the Graves Act, N.J.S.A. 2C:43-6.2, and not N.J.S.A. 2C:44-1. Because the Graves Act does not include a similar ten-day stay provision, defendant in this case claims he could not have been charged with knowledge of an automatic stay.

Our Court has construed N.J.S.A. 2C:43-6.2 and N.J.S.A. 2C:44-1(f)(2) as two harmonized components of the Code's sentencing scheme. In Nance, the Court explained that "N.J.S.A. 2C:44-1(d) governs the sentencing of any 'person who has been convicted of a crime of the first or second degree,' with no exception for defendants who are granted a Graves Act waiver." 228 N.J. at 396.

Moreover, "[b]ecause one of the two alternative sentences permitted under section 6.2—a custodial term with a mandatory minimum of one year—constitutes a 'sentence of imprisonment' within the meaning of N.J.S.A. 2C:44-

A-2840-18T1

1(d), [a] . . . judge may comply with [both provisions] at once." Ibid. Therefore, the Court concluded that the presumption of incarceration in N.J.S.A. 2C:44-1 applies when a judge chooses between the alternative sentences of the Graves Act. Id. at 397.

Because the analytical framework of choosing between the two alternative sentences under N.J.S.A. 2C:43-6.2 necessarily includes an analysis under N.J.S.A. 2C:44-1 and since the judge specifically referenced his analysis under N.J.S.A. 2C:44-1(f)(2), we conclude defendant was charged with notice of the statutes. Consequently, the automatic ten-day stay allowing the State to appeal applies, and the State's appeal does not violate defendant's right against double jeopardy. See Sanders, 107 N.J. at 621.

Vacated and remanded for resentencing in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2840-18T1