**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2592-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

GARRY FLOYD,
a/k/a SALTON BURCH,
SALTAN BURCH, and
GARRY B. FLOYD,

     Defendant-Appellant.

_____

Submitted September 29, 2022 – Decided October 17, 2022

Before Judges Haas and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 12-10-1547 and 17-10-1175.

Joseph E. Krakora, Public Defender, attorney for appellant (Peter T. Blum, Assistant Deputy Public Defender, of counsel and on the brief; Sandra Alrabaa, J.D., appearing pursuant to Rule 1:21-3(a), on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Nancy A. Hulett, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals his sentence, memorialized in a May 5, 2020 judgment of conviction, following his entry of a negotiated guilty plea to first-degree possession of a controlled dangerous substance (CDS) with intent to distribute. On appeal, defendant raises the following points for our consideration:

> POINT I
>
> A REMAND FOR RESENTENCING IS REQUIRED BECAUSE THE JUDGE ERRONEOUSLY DETERMINED THAT HE WAS BOUND BY THE PROSECUTOR'S RECOMMENDED SENTENCE EVEN THOUGH THE PROSECUTOR FAILED TO MAKE THE EXTENDED-TERM WAIVER PART OF THE PLEA AGREEMENT.
>
> POINT II
>
> [DEFENDANT] WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS WHEN THE COURT DENIED HIM A MEANINGFUL OPPORTUNITY TO REVIEW HIS PRESENTENCE REPORT WITH HIS ATTORNEY PRIOR TO SENTENCING.

Having carefully reviewed the record, we reject defendant's contentions and affirm.

Defendant was charged in a five-count indictment with two counts of third-degree possession of CDS, N.J.S.A. 2C:35-10(a)(1) (counts one and two); first-degree possession of CDS with intent to distribute, N.J.S.A. 2C:35-5(a)(1) and 5(b)(1) (count three); second-degree possession of CDS with intent to distribute within 500 feet of public property, N.J.S.A. 2C:35-7.1 (count four); and third-degree financial facilitation of criminal activity, N.J.S.A. 2C:21-25(a) (count five). The charges stemmed from an August 19, 2016 motor vehicle stop, during which police recovered illicit drugs in the trunk of defendant's vehicle and currency on defendant's person.[1]

On January 2, 2020, defendant pled guilty to count three of the indictment pursuant to a plea agreement in which the State agreed to dismiss the remaining counts and recommend a prison sentence of eleven years with a five-year period of parole ineligibility. The State also agreed to recommend a concurrent three-year term of imprisonment for a violation of probation on a 2013 third-degree resisting arrest conviction.

---

[1] By leave granted, the State had appealed the trial court granting defendant's motion to suppress the evidence seized from the vehicle. In an unpublished opinion, we determined the "warrantless roadside search [was] proper" and reversed. State v. Floyd, No. A-0696-18 (App. Div. Oct. 22, 2019) (slip op. at 9).

A-2592-20

During the plea colloquy, in response to the judge's question, the parties acknowledged that the plea was a Brimage offer pursuant to State v. Brimage, 153 N.J. 1, 23 (1998), holding that prosecutors must follow certain guidelines when offering plea agreements under N.J.S.A. 2C:35-12 that waive the mandatory minimum sentence specified for an offense under the Comprehensive Drug Reform Act of 1987 (CDRA), N.J.S.A. 2C:35-1 to 36A-1. Additionally, in response to question fourteen on the plea form, inquiring whether the prosecutor had "promised" to refrain from "[s]eek[ing] an extended term of confinement," defendant responded in the affirmative. In that regard, defendant had a prior drug distribution conviction from 2004 which qualified him for a mandatory extended-term sentence pursuant to N.J.S.A. 2C:43-6(f).

In response to the judge's questions, defendant confirmed that his attorney had reviewed and explained the plea forms to him. After ensuring that the guilty plea complied with the requirements of Rule 3:9-2, including the fact that defendant had read and understood the plea forms before signing them and was "entering into th[e] agreement knowingly, intelligently, and . . . voluntarily," the judge accepted the plea.

On April 9, 2020, defendant appeared for sentencing, which was conducted through a Zoom hearing due to the COVID-19 pandemic. At the

outset, defense counsel requested an adjournment of the sentencing to give him more time to confer with defendant. Counsel explained that although he had provided defendant with a copy of the pre-sentence investigation report (PSR), they had not "been able to fully review it yet." In response to the judge's question, counsel confirmed that defendant had read the PSR, but elaborated that the jail personnel had given defendant the PSR just the day before the hearing despite the fact that counsel had "sent it several days" before that.

Counsel explained:

> [W]e tried to facilitate a call yesterday, not just the [PSR], . . . there are obviously some other aspects of the sentencing I want to discuss with him before it goes forward. The call with the jail was just not able to happen; we tried all day. Finally, he called me last night from just a regular jail call, and they cut it off after a couple minutes. The sheriff's officer told him he had to hang up.
>
> So I've only been able to speak to him for . . . just a couple of minutes.

The judge denied the request for an adjournment, noting that he had "provided more than enough time" by previously "adjourn[ing] the sentencing date one week." The judge indicated that he would "give [defendant] a chance to speak . . . and ask whatever questions he'd like."

A-2592-20

Next, defense counsel urged the judge to impose less than the bargained-for sentence by imposing a ten-year prison term with a three-and-one-third-year parole disqualifier. The judge rejected counsel's request, explaining that it was "a contract plea" and that the court was not authorized to impose a lesser sentence but could only "accept" or "reject" the plea bargain. See State v. Lebra, 357 N.J. Super. 500, 512 (App. Div. 2003) ("It is only in the case of a so-called contract plea under N.J.S.A. 2C:35-12 that a trial court cannot impose a lesser sentence than the parties bargained for, but must instead reject the bargain.").

The judge explained that he would accept the plea because defendant would otherwise be subject to a mandatory "extended-term . . . as a repeat drug offender," exposing defendant to a maximum sentence of life imprisonment. See N.J.S.A. 2C:43-7(a)(2). In imposing sentence, the judge found aggravating factors three and nine based on the risk of re-offense and the need for deterrence, found no mitigating factors, and sentenced defendant in accordance with the plea agreement. See N.J.S.A. 2C:44-1(a)(3) and (9). This appeal followed.

In Point I, defendant argues "the judge erred in determining that the agreement was a 'contract plea' that bound him to either imposing or rejecting the negotiated sentence." According to defendant, because the prosecutor never "indicate[d] that the plea was subject to a mandatory extended-term sentence,

nor . . . that he was seeking to waive the extended term under [N.J.S.A. 2C:35-12]," defendant "should be granted a resentencing hearing . . . and consideration of a lesser sentence than the offer."[2]

In State v. Courtney, 243 N.J. 77 (2020), decided three months after defendant was sentenced, our Supreme Court stated:

> The [CDRA] imposes mandatory sentences and periods of parole ineligibility for certain offenses, N.J.S.A. 2C:43-6(f); it also provides an exception to the imposition of such sentences in the context of a negotiated plea agreement, N.J.S.A. 2C:35-12 (Section 12). Significantly, Section 12 renders immutable the sentence recommended under such a negotiated plea agreement: it "requires the sentencing court to enforce

---

[2] The State points out that this case falls under Attorney General Directive No. 2021-4 (the Directive), implementing the Criminal Sentencing and Disposition Commission's recommendations to end mandatory parole bars for certain non-violent drug offenses and eliminate parole bars countenanced by the Brimage guidelines. See Off. of Att'y General, Law Enforcement Directive No. 2021-4, Directive Revising Statewide Guidelines Concerning the Waiver of Mandatory Minimum Sentences in Non-Violent Drug Cases Pursuant to N.J.S.A. 2C:35-12 6-7 (Apr. 19, 2021); N.J. Crim. Sent'g and Disposition Comm'n, Annual Report, 218th Legis., 2d Sess., at 21-23 (Nov. 2019). According to the State, because "[d]efendant's case has been added to the list" for modification of sentences under the Directive, "the parole bar will be vacated in due course." We note that on May 26, 2021, Chief Justice Rabner entered an order assigning a judge on a statewide basis to handle all joint motions relating to the Directive, including cases currently on direct appeal. See Notices to the Bar, Notice and Order - Centralized Handling of Joint Motions to Reduce Mandatory Parole Ineligibility Terms, N.J. Cts. (May 26, 2021); see also State v. Arroyo-Nunez, 470 N.J. Super. 351, 357 (App. Div. 2022) (outlining the applicable "good cause" standard against which trial courts evaluate joint motions brought for sentence modification pursuant to the Directive).

all agreements reached by the prosecutor and a defendant under that section and prohibits the court from imposing a lesser term of imprisonment than that specified in the agreement."

[Courtney, 243 N.J. at 80 (quoting Brimage, 153 N.J. at 9).]

In Courtney, the defendant pled guilty to first-degree possession of CDS with intent to distribute pursuant to a plea agreement in which the State agreed to refrain from requesting "a mandatory extended-term sentence for which defendant was eligible under N.J.S.A. 2C:43-6(f)" and agreed to recommend "a fourteen-year prison sentence with a sixty-three-month period of parole ineligibility." Courtney, 243 N.J. at 81. "Notwithstanding this agreement, [the] defendant requested a lower sentence from the sentencing court." Ibid.

After "[t]he sentencing court rejected [the] defendant's request and imposed the sentence recommended in the plea agreement," the defendant appealed, arguing "the sentencing court had discretion to lower his sentence because the State failed to file a formal application requesting the extended mandatory term under N.J.S.A. 2C:43-6(f)" and "the plea agreement recommended a sentence that fell within the range of the ordinary first-degree term," allowing the sentencing judge "to lower his sentence to the minimum term within that ordinary range." Courtney, 243 N.J. at 81; see N.J.S.A. 2C:43-

6(a)(1) (setting the ordinary sentencing range for first-degree crimes between ten and twenty years).

In rejecting the defendant's contention, the Court concluded that although "[t]he plain language of N.J.S.A. 2C:43-6(f) requires the prosecutor to file an application to impose an extended term," Courtney, 243 N.J. at 88, "Section 12 does not require a formal application when a prosecutor agrees not to request a mandatory extended-term sentence under N.J.S.A. 2C:43-6(f) yet seeks the benefit of a Section 12 plea agreement." Courtney, 243 N.J. at 81. The Court determined the defendant "was given ample notice that he was extended-term eligible and that the State was seeking the benefit of Section 12 for the negotiated plea agreement, and [the] defendant did not object to the State's proffer that he was extended-term eligible." Ibid.

Specifically addressing the notice requirement, the Court stated:

> We see no merit in requiring the State in a negotiated plea agreement setting to file an extended-term application only to withdraw it at the time of sentencing. That is a waste of judicial resources and an unnecessary burden on the courts. Instead, pursuant to the plea agreement, defendants may stipulate to their eligibility for an extended term, knowing that their negotiated plea agreements give them full cover on the issue.
>
> [Id. at 89.]

The Court referred Rule 3:21-4(e) "to the Criminal Practice Committee, to craft an amendment" to "provide greater clarity" and "resolve . . . disputes" in cases where [the] defendant's eligibility for extended-term sentencing under N.J.S.A. 2C:43-6(f) is "a disputed point." Courtney, 243 N.J. at 90-91. The Court also requested "the Director of the Administrative Office of the Courts to revise the standard plea form to confirm whether the prosecution agrees not to request an extended term under N.J.S.A. 2C:43-6(f) but still seeks the benefit of a negotiated waiver of the CDRA's mandatory sentence requirements under Section 12." Courtney, 243 N.J. at 91.

Here, the parties agreed to a sentence and period of parole ineligibility significantly less than what is mandated by the CDRA. At no point during the proceedings did defendant ever dispute that his prior drug distribution conviction qualified him for a mandatory extended-term sentence pursuant to N.J.S.A. 2C:43-6(f). It is clear from the record defendant understood his eligibility for a mandatory extended-term sentence and that the plea agreement was based on the State's authority under Section 12 to waive filing for a mandatory extended term. Question fourteen of the plea form evidenced the State's express waiver of its right to seek a mandatory extended term as part of its negotiated plea agreement with defendant. The State then followed the

Brimage guidelines in fashioning a negotiated sentence within the ordinary range.

To support his argument, defendant points to question seven on the plea form, where defendant did not respond to the question: "Did you enter a plea of guilty to any charges that require a mandatory period of parole ineligibility or a mandatory extended term?" We view the omission as an oversight because the range of the minimum mandatory parole bar is then specified in subpart "a" of the same question. Similarly, defendant relies on his negative response to question one on the Supplemental Plea Form for Drug Offenses, which asks: "Have you and the [p]rosecutor entered into any agreement to provide for a lesser sentence or period of parole ineligibility than would otherwise be required?" We view that response as an inadvertent error in light of the record in its entirety.

As in Courtney, because defendant pled guilty to an offense for which the CDRA specified a mandatory extended term, there was no requirement for the State to formally move for the imposition of a mandatory extended term. Section 12 expressly allows the State to negotiate away its right to seek a mandatory extended-term sentence, and it was not rendered inapplicable simply because the State agreed not to request an extended term. Therefore, the judge

11

properly determined that because this was "a so-called contract plea under N.J.S.A. 2C:35-12," he was required to impose the bargained-for sentence pursuant to the plea agreement. Lebra, 357 N.J. Super. at 512.

Even if the judge erred, a remand is not required under the circumstances. Defendant is not seeking to vacate his guilty plea but to be resentenced to a sentence one year lower. However, because the judge found two aggravating factors and no mitigating factors, a lesser sentence could not have been justified on this record. See State v. Natale, 184 N.J. 458, 488 (2005) ("Although no inflexible rule applies . . . when the aggravating factors preponderate, sentences will tend toward the higher end of the [sentencing] range.").

In Point II, defendant argues his "rights to due process were denied" when the judge denied his attorney's request to adjourn the sentencing. In so doing, defendant asserts the judge "deprived [him] of a meaningful opportunity to review his PSR" and to "discuss any collateral issues" with his attorney "prior to sentencing."

"[W]hether a trial court should grant or deny a defendant's request for an adjournment . . . requires a balancing process informed by an intensely fact-sensitive inquiry." State v. Hayes, 205 N.J. 522, 538 (2011). "A motion for an adjournment is addressed to the discretion of the court, and its denial will not

lead to reversal unless it appears from the record that the defendant suffered manifest wrong or injury." Id. at 537 (alteration omitted) (quoting State v. Doro, 103 N.J.L. 88, 93 (E. & A. 1926)). Indeed, "a trial court's abuse of discretion in denying an adjournment request does not require reversal absent a showing of prejudice." State v. Miller, 216 N.J. 40, 47 (2013) (citing Hayes, 205 N.J. 537-39).

Here, after confirming that defendant had read the entire PSR, the judge declined to postpone the sentencing because he had previously granted an adjournment and had afforded counsel an entire week to consult with defendant. No error in the PSR was brought to the judge's attention despite both defendant and defense counsel being afforded the opportunity to do so. Because defendant fails to show any prejudice from the judge's ruling, we discern no abuse of discretion.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

13