**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3085-21

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

RAFAEL A. VASQUEZ, a/k/a
RAFAEL A. VAZQUEZ,

    Defendant-Appellant.

_____

Submitted January 18, 2024 – Decided February 2, 2024

Before Judges Firko and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Indictment Nos. 15-04-0046 and 15-04-0047.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Matthew J. Platkin, Attorney General, attorney for respondent (Kaili Elizabeth Matthews, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Rafael A. Vasquez appeals from an April 28, 2022 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant contends his trial counsel provided ineffective assistance by failing to raise certain mitigating factors during the sentencing hearing. We affirm the court's denial of defendant's PCR petition.

On April 22, 2014, Paramus Police Detective Dmitriy Mazur[1] was working undercover on a narcotics investigation. Mazur arranged to meet with defendant, as well as Melvin Guzman and Patrick Morel, in a parking lot under the pretense of purchasing an ounce of marijuana from Guzman. Shortly after Mazur arrived, defendant approached the unmarked police vehicle, opened the driver's side door where the detective was sitting, pointed a semi-automatic handgun at Mazur's ribs and demanded money.

Backup officers arrived and a struggle ensued. Defendant fired multiple shots at Mazur, shooting him in the hip and ankle, before fleeing the scene while pointing the handgun in the officers' direction. An officer shot defendant and he was placed under arrest.

---

[1] The record is inconsistent as to the spelling of Detective Mazur's name. We use the spelling set forth in indictment No. 15-04-0046-S.

Defendant, Guzman, and Morel all admitted they went to the parking lot with the intention of robbing Mazur. Defendant was the "muscle" behind the robbery because the suspects agreed he was "intimidating." In defendant's initial statement to police, he stated the gun discharged while he was physically struggling with Mazur over control of the weapon.

Under indictment No. 15-04-0046-S, defendant was charged with first-degree attempted murder, N.J.S.A. 2C:11-3 and N.J.S.A. 2C:5-1(a)(1); second-degree conspiracy, N.J.S.A. 2C:5-2; first-degree attempted robbery, N.J.S.A. 2C:15-1(a)(1), -1(a)(2), -1(b) and N.J.S.A. 2C:2-6; second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) and N.J.S.A. 2C:2-6; second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) and N.J.S.A. 2C:2-6; second-degree possession of a weapon during the commission of a controlled dangerous substance (CDS) offense, N.J.S.A. 2C:39-4.1 and N.J.S.A. 2C:2-6; second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) and N.J.S.A. 2C:2-6; third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) and N.J.S.A. 2C:2-6; and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4) and N.J.S.A. 2C:2-6. Under indictment No. 15-04-0047-S, defendant was charged with second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7.

A-3085-21

Defendant's prior criminal history includes eight juvenile petitions, eight arrests as an adult, and five prior convictions for indictable offenses, including a conviction for attempted assault. At the time of his April 22, 2014 arrest, defendant was on parole for aggravated assault and was prohibited from carrying a weapon.

On March 9, 2016, defendant pled guilty to first-degree attempted murder and second-degree certain persons not to have weapons. During the plea allocution, defendant admitted to firing the gun in the direction of the police officer. Defendant also testified that he was satisfied with counsel's representation, he had no questions regarding his plea, and he entered into the plea voluntarily. The trial court stated it was "satisfied that this defendant certainly had the advice of extremely competent counsel."

At the April 27, 2016 sentencing hearing, defense counsel argued that defendant's difficult familial situation and upbringing warranted consideration in the court's decision as to the sentence. The court acknowledged that defendant "did have a very difficult childhood" and he "lost [his] parents at a young age and in many ways [was] thrust onto the streets." The court stated it had "certainly taken [those considerations] into account."

4

The court found aggravating factors three (the risk that defendant will commit another offense); six (the extent of the defendant's prior criminal record and the seriousness of the offenses of which he has been convicted); and nine (the need for deterring the defendant and others from violating the law) applicable. N.J.S.A. 2C:44-1(a)(3), (6), and (9). Although the court commended defendant for his apology, remorse, and articulated commitment to change going forward, the court determined it was "unable to find any mitigating factors" to "significantly rely upon." Therefore, the court determined that "the aggravating factors prevail . . . "

As a result, the court sentenced defendant consistent with the plea agreement to a fifteen-year term of imprisonment, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, for the first-degree attempted murder and a ten-year term of imprisonment with five years of parole ineligibility for the second-degree weapons charge. The sentences were to run concurrently with the term he was serving for the parole violation. The court also imposed applicable fines and penalties and dismissed the remaining charges. Defendant was awarded jail credit for time served.

Defendant appealed his sentence, arguing that he should have received a ten-year sentence for the first-degree attempted murder charge because he was

5

unaware the undercover officers on the scene were law enforcement, which was heard on our Sentencing Oral Argument calendar pursuant to Rule 2:9-11. On April 11, 2018, we affirmed. State v. Vasquez, No. A-0418-17 (App. Div. April 11, 2018).

On August 13, 2020, defendant filed a pro se PCR petition. PCR counsel was assigned and filed a supplemental brief. Defendant argued that his two trial attorneys were ineffective because they failed to argue for a sentence one degree lower or request a sentence at the minimum term for first-degree attempted murder, and asserted there was sentencing disparity with his co-defendants.

On April 28, 2022, the PCR court held a hearing. Following arguments that day, the PCR court issued an oral opinion denying defendant's PCR petition. The PCR court stated that "defendant was represented by two very experienced [p]ublic [d]efenders" and "trial counsel's request for a downgrade was not deficient." Further, the PCR court found defendant only could have received a lesser sentence if the "[c]ourt was clearly convinced that the mitigating factors substantially outweighed the aggravating factors and the interest of justice demanded a reduction in sentence." The PCR court opined that since the sentencing court found no mitigating factors, "trial counsel cannot be deemed

ineffective for failing to raise losing arguments," and denied defendant's PCR petition. A memorializing order was entered. This appeal followed.

Defendant appeals, raising only one argument:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING OR A REMAND ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AT SENTENCING.

"[PCR] is New Jersey's analogue to the federal writ of habeas corpus." State v. Pierre, 223 N.J. 560, 576 (2015) (quoting State v. Preciose, 129 N.J. 451, 459 (1992)); see also State v. Afanador, 151 N.J. 41, 49 (1997) ("Ordinarily, PCR enables a defendant to challenge the legality of a sentence or final judgment of conviction by presenting contentions that could not have been raised on direct appeal.") (citing State v. McQuaid, 147 N.J. 464, 482-83 (1997)). "The Sixth Amendment of the United States Constitution and Article I, [P]aragraph 10 of the New Jersey Constitution require that a defendant receive 'the effective assistance of counsel' during a criminal proceeding." State v. Porter, 216 N.J. 343, 352 (2013) (quoting Strickland v. Washington, 466 U.S. 685-86 (1984)).

A defendant establishes a prima facie claim of ineffective assistance of counsel by satisfying the standards enunciated in Strickland, 466 U.S. at 687-

88, and adopted by our State in State v. Fritz, 105 N.J. 42, 58 (1987). Under the Strickland/Fritz framework, a defendant first must show his attorney's handling of the matter "fell below an objective standard of reasonableness." Strickland, 466 U.S. at 688. Then, a "defendant must show . . . there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In seeking PCR under Rule 3:22-2, a defendant must prove counsel was ineffective by a preponderance of the evidence. State v. Gaitan, 209 N.J. 339, 350 (2012).

When, as in this matter, a PCR court does not conduct an evidentiary hearing, we review the PCR court's factual findings and legal conclusions de novo. See State v. Harris, 181 N.J. 391, 421 (2004). An evidentiary hearing is only required where the PCR petition has a reasonable probability of being meritorious. State v. Jones, 219 N.J. 298, 311 (2014) (explaining that when "view[ing] the facts in the light most favorable to the defendant," the court should hold an evidentiary hearing if "the PCR claim has a reasonable probability of being meritorious").

Sentencing hearings afford defense counsel the "opportunity to make a vigorous argument regarding mitigating and other circumstances, hoping to personalize defendant in order to justify the least severe sentence under the

Criminal Code." State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002). Counsel owes a duty to the defendant they represent to present "mitigating evidence in support of a lesser sentence" and failure to honor that obligation denies a defendant the "constitutional right to the effective assistance of counsel at sentencing." State v. Hess, 207 N.J. 123, 129 (2011).

Defendant here asserts that his trial counsel was ineffective at the sentencing hearing by failing to argue certain mitigating factors. Defendant further contends that because support for this argument is dependent on evidence outside the record, including testimony from him and his trial counsel, the PCR court should have afforded him an evidentiary hearing. Defendant specifically asserts that counsel should have raised mitigating factor eight (defendant's conduct was the result of circumstances unlikely to recur) and nine (defendant is unlikely to commit another offense) under N.J.S.A. 2C:44-1(b)(8) and (9). Defendant also argues his remorsefulness is sufficient support for consideration of these two factors and he should have been afforded the opportunity to present additional mitigating evidence at a hearing.

We are not convinced that defendant has presented a prima facie showing of either prong of the Strickland/Fritz standard. "[I]n order to establish a prima facie claim, [plaintiff] must do more than make bald assertions that he was

denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Defendant has failed to show trial counsel was deficient or there would have been a different outcome at the sentencing hearing even if trial counsel had asserted the mitigating factors he now seeks. We also find that defendant's PCR petition did not have "a reasonable probability of being meritorious" and, therefore, no evidentiary hearing was necessary. Jones, 219 N.J. at 311.

Defendant posits in a conclusionary fashion he would have received a lesser sentence if trial counsel had raised certain mitigating factors. This assertion is belied by counsel's arguments made during the sentencing hearing. Counsel argued that defendant's criminal history was situational and, therefore, in some respects not of his own doing. Defendant's own testimony was proffered as to his remorse. The record at the sentencing hearing establishes that the judge commended defendant on his asserted commitment to change the trajectory of his life. Despite acknowledging defendant's articulated remorse and intention to change, the judge did not find defendant's proclamations to be a mitigating factor in light of defendant's criminal history which evidenced a likelihood of recurrent criminal behavior.

Defendant could have been given a lesser sentence only if the court was "clearly convinced . . . the mitigating factors substantially outweigh[ed] the aggravating factors and . . . the interest of justice demand[ed] a reduction in sentence." N.J.S.A. 2C:44-1(f)(2). At sentencing, the court substantively addressed the proofs on mitigating factors eight and nine, and found there were no mitigating factors that outweighed the applicable aggravating factors.

In the alternative, defendant asserts that his PCR petition must be remanded because the PCR court did not comport with Rules 3:22-11 and 1:7-4(a) by setting forth all conclusions of fact and law underpinning its decision. We disagree. The PCR court set forth its findings of fact and conclusions of law pursuant to Rule 1:7-4 on the record on April 28, 2022. The PCR court considered each of defendant's arguments and specifically rejected the assertion trial counsel was deficient under Strickland/Fritz because "trial counsel cannot be deemed ineffective for failing to raise losing arguments."

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3085-21